UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **CROSSROADS OF TEXAS, LLC;** § <br> **CHILDREN'S CENTER OF** § <br> **VICTORIA, LLP,** § <br> § <br> **Plaintiffs,** § <br> § <br> v. § <br> § <br> **GREAT-WEST LIFE & ANNUITY** § <br> **INSURANCE COMPANY; GREAT-** § <br> **WEST HEALTHCARE OF TEXAS, INC.;** § <br> **PRIVATE HEALTHCARE SYSTEMS,** § <br> **INC.; DOES 1 THROUGH 100** § <br> § <br> **Defendants.** § | **CIVIL ACTION NO. V-05-89** |

## MEMORANDUM & ORDER

Pending before the Court is Defendants Great-West Life & Annuity Insurance Company's and Great-West Health Care of Texas, Inc.'s Emergency Motion to Reconsider the Court's Order of Remand (Dkt. #28) and Defendant Private Healthcare Systems, Inc.'s Motion to Reconsider and/or Clarify Order on Plaintiffs' Motion to Remand (Dkt. #29) . The Court, having reviewed the motions, the arguments of the parties, and the applicable law, is of the opinion that the motions should be DENIED as explained below.

### Factual and Procedural Background

The complete factual background of this case is set forth in the Court's Order on Plaintiffs' motion to remand (Dkt. #26).  Plaintiffs originally filed the present cause of action in the 24th Judicial District Court, Victoria, Texas, Cause No. 05-8-63,099-A, on August 5, 2005.  Defendants removed the case to the United States District Court for the Southern District of Texas pursuant to

1

28 U.S.C. §§ 1331, 1441(a). The Court granted Plaintiffs' motion to remand (Dkt. #9) on January 26, 2006 and remanded the action to the 24th Judicial District Court, Victoria, Texas (Dkt. #26).

## Analysis

It is well established law in the Fifth Circuit that a district court's order remanding a cause of action to state court is generally not reviewable. *New Orleans Pub. Svc., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986); 28 U.S.C. § 1447(d).[1] This means not only that a remand order may not be appealed, but that it may also not be reconsidered by the district court. *Id.*; *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984). Once a district court has remanded a case to state court, it is divested of jurisdiction. A remand order is final once a certified copy of the order is forwarded to the clerk of the state court. See *Browning*, 743 F.2d at 1078. There are some circumstances under which a remand order may be reviewable by a district court. See e.g., *In re Digicon Marine, Inc.*, 966 F.2d 158, 161 (5th Cir. 1992) (citing *In re Shell Oil Co.*, F.2d 1523, 1528 (5th Cir. 1991) (finding that a district court could review a remand order for defects in the removal process). However, where, as here, a remand order is based on a lack of subject matter jurisdiction, it is "clearly non-reviewable." *Id.*

In its Memorandum and Order granting Plaintiffs' motion to remand (Dkt. #25), the Court found that Plaintiffs' claims did not implicate the Employee Retirement Income Security Act of 1974 ("ERISA") and therefore, the Court did not have subject matter jurisdiction over Plaintiffs' state law causes of action. Because the Court's order to remand was predicated upon a lack of

---

[1] Section 1447(d) provides:
An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

subject matter jurisdiction, the order became non-reviewable when the clerk of the Court executed the remand to state court. The clerk of the Court forwarded a certified copy of the remand order (Dkt. #25) to the clerk of the state court on January 26, 2006. The certified mail receipt was returned to the Court on January 30, 2006 (Dkt. #27). Consequently, the Court was divested of jurisdiction before Defendants Great-West Life & Annuity Insurance Company's and Great-West Health Care of Texas, Inc. filed their motion to reconsider on January 31, 2006 and Defendant Private Healthcare Systems, Inc. filed its motion to reconsider on February 6, 2006. Therefore, Defendants' motions for reconsideration should be denied for lack of jurisdiction.

## Conclusion

For the reasons stated above, Defendants Great-West Life & Annuity Insurance Company's and Great-West Health Care of Texas, Inc.'s Emergency Motion to Reconsider the Court's Order of Remand (Dkt. #28) and Defendant Private Healthcare Systems, Inc.'s Motion to Reconsider and/or Clarify Order on Plaintiffs' Motion to Remand (Dkt. #29) are DENIED.

It is so ORDERED.

Signed this 8th day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE